## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEUROSURGICAL CARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:19-cv-05751-JMY |
| v. | ) | |
| | ) | The Honorable John M. Younge |
| BIEGLER GMBH; SOLACE | ) | |
| ADVANCEMENT, LLC; JAMES W. | ) | *Electronically Filed* |
| CARPENTER; DOC SOLUATIONS LLC; | ) | |
| MARK KAISER; LIZ O'NEILL; ABC | ) | |
| CORPS 1-50; and JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER OF COURT

AND NOW this _____ day of _____, 2020, upon consideration of Defendant, Biegler GmbH's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5) (the "Motion"), and any opposition to the Motion, it is hereby ORDERED that the Motion is GRANTED.

Accordingly, Defendant Biegler GmbH is hereby DISMISSED, WITH PREJUDICE and the Clerk of Court is directed to mark the docket of this matter accordingly.


BY THE COURT:


_____
Honorable John M. Younge
D.J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEUROSURGICAL CARE, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:19-cv-05751-JMY |
| ) | |
| v. ) | The Honorable John M. Younge |
| ) | |
| BIEGLER GMBH; SOLACE ) | *Electronically Filed* |
| ADVANCEMENT, LLC; JAMES W. ) | |
| CARPENTER; DOC SOLUATIONS LLC; ) | |
| MARK KAISER; LIZ O'NEILL; ABC ) | |
| CORPS 1-50; and JOHN DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BIEGLER GMBH'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(5)**

Defendant, Biegler GmbH ("Biegler"), by and through its counsel, Porter Wright Morris & Arthur LLP, respectfully submits this Motion to Dismiss Plaintiff, Neurosurgical Care, LLC's ("Plaintiff") First Amended Complaint (ECF 22) pursuant to Federal Rules of Civil Procedure 12(b)(2) on the grounds that the United States District Court for the Eastern District of Pennsylvania does not have personal jurisdiction over Biegler, and pursuant to Rule 12(b)(5) because Plaintiff's purported service of process on Biegler was defective under the Federal Rules of Civil Procedure as well as Austria's letters rogatory requirements for service by foreign plaintiffs. Biegler's Memorandum of Law in Support of its Motion to Dismiss is filed simultaneously herewith, as set forth below.

Respectfully submitted,

Dated:  May 22, 2020

*/s/ Carolyn B. McGee*
Carolyn B. McGee
(Pa. I.D. No. 208815)

Porter Wright Morris & Arthur LLP
6 PPG Place, Third Floor
Pittsburgh, PA 15222
Tel:  (412) 235-4500
Fax:  (412) 235-4510
cmcgee@porterwright.com

Theodore R. Walters
Florida Bar No. 0985813
Anthony R. McClure
Fla. Bar No. 102753
Porter, Wright, Morris & Arthur, LLP
9132 Strada Place, Third Floor
Naples, Florida 34108-2683
Tel:  239-593-2900
Fax: 239-593-2990
twalters@porterwright.com
amclure@porterwright.com

*Counsel for Defendant Biegler GmbH*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NEUROSURGICAL CARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:19-cv-05751-JMY |
| v. | ) | |
| | ) | The Honorable John M. Younge |
| BIEGLER GMBH; SOLACE | ) | |
| ADVANCEMENT, LLC; JAMES W. | ) | *Electronically Filed* |
| CARPENTER; DOC SOLUATIONS LLC; | ) | |
| MARK KAISER; LIZ O'NEILL; ABC | ) | |
| CORPS 1-50; and JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BIEGLER GMBH'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and (5)**

Defendant, Biegler GmbH ("Biegler"), by and through its counsel, Porter Wright Morris

& Arthur LLP, respectfully submits its Memorandum of Law in Support of its Motion to Dismiss

Plaintiff, Neurosurgical Care, LLC's ("Plaintiff") First Amended Complaint (ECF 22, the

"FAC") pursuant to Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process

on Biegler and 12(b)(2) for lack of personal jurisdiction over Biegler.[1]

---

[1] Biegler reserves the right to assert additional defenses to the merit of the pleaded claims
under Rule 12(b)(6) in the event that the Court denies the instant, preliminary motion pursuant to
Rules 12(b)(2) and 12(b)(5).

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

I.    INTRODUCTION and STATEMENT OF FACTS ..............................................1

II.   STANDARD OF REVIEW .................................................................................3

      A.   Federal Rule of Civil Procedure Rule 12(b)(5) ......................................... 3

      B.   Federal Rule of Civil Procedure Rule 12(b)(2) ......................................... 4

III.  ARGUMENT .....................................................................................................5

      A.   Plaintiff Has Failed To Effectuate Proper Service of Process on Biegler....................... 5

          1.   Dryden and ProMedic Are Not "Agents" of Biegler........................... 6

          2.   Plaintiff Failed To Comply With Austria's Letters Rogatory Process. ....................... 7

      B.   Personal Jurisdiction Is Entirely Lacking Over Biegler. ................................ 10

          1.   General Jurisdiction ................................................................ 12

          2.   Specific Jurisdiction ................................................................ 14

IV.   CONCLUSION .................................................................................................18

**Table of Authorities**

**Page(s)**

**Cases**

*Barth v. Walt Disney Parks & Resorts U.S., Inc.*,
206 F. Supp. 3d 1026 (E.D. Pa. 2016) ....................................................................16

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017) .............................................................11

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) ...........................................................14

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)............................................................................................11, 15

*Carteret Sav. Bank, FA v. Shushan*,
954 F.2d 141 (3d Cir. 1992)......................................................................................4

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S.Ct. 736 (2014).......................................................................12

*Di Maggio v. Cooperativa Agricola S. Giuseppe*,
Civ. A. No 96-4682, 1997 U.S. Dist. LEXIS 8844,
1997 WL 360945 (E.D. Pa. June 23, 1997) ...........................................................16

*Dollar Sav. Bank v. First Sec. Bank*,
746 F.2d 208 (3d Cir. 1984)...................................................................................14

*Dunakey v. American Honda Motor Co.*,
124 F.R.D. 638 (E.D. Mo. 1989) .............................................................................7

*D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*,
566 F.3d 94 (3d Cir. 2009).................................................................................11, 16

*Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*,
766 F.3d 74 (D.C. Cir. 2014) ....................................................................................8

*Gehling v. St. George's Sch. of Med., Ltd.*,
773 F.2d 539 (3d Cir. 1985)...................................................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)........................................................................................11, 12, 14

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*,
988 F.2d 476 (3d Cir. 1993)..................................................................................3, 4

*Hanson v. Denckla*,
  357 U.S. 235 (1958)....................................................................................15

*Hemmerich Indus. v. Moss Brown & Co.*,
  114 F.R.D. 31 (E.D. Pa. 1987)..................................................................4, 7

*Hypo Bank Claims Grp., Inc. v. Am. Stock Transfer & Trust Co.*,
  791 N.Y.S.2d 870, 2004 N.Y. Misc. LEXIS 1491, 2004 WL 1977612
  (N.Y. Supr. Ct. June 28, 2004) .....................................................................9

*Imo Indus., Inc. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998)........................................................................10

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)....................................................................................11

*Kraus v. Alcatel-Lucent*,
  Civ. A. No. 18-2119, 2020 U.S. Dist. LEXIS 34146,
  2020 WL 951082 (E.D. Pa. Feb. 27, 2020) .................................................4

*Lampe v. Xouth, Inc.*,
  952 F.2d 697 (3d Cir. 1991)..........................................................................3

*Lasky v. Continental Products Corp.*,
  97 F.R.D. 716 (E.D. Pa. 1983)......................................................................6

*Mesalic v. Fiberfloat, Corp.*,
  897 F.2d 696 (3d Cir. 1990)........................................................................18

*Metcalfe v. Renaissance Marine, Inc.*,
  566 F.3d 324 (3d Cir. 2009)............................................................... *passim*

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004)............................................................................5

*O'Connor v. Sandy Lane Hotel Co. Ltd.*,
  496 F.3d 312 (3d Cir. 2007)........................................................................15

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
  484 U.S. 97 (1987)........................................................................................3

*Orange Products, Inc. v. Winters*,
  Civ. A. No. 94-6004, 1995 U.S. Dist. LEXIS 3443,
  1995 WL 118461 (E.D. Pa. Mar. 21, 1995).................................................16

*Patterson by Patterson v. FBI*,
  893 F.2d 595 (3d Cir. 1990)..........................................................................5

*Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*,
   149 F.3d 197 (3d Cir. 1998)...............................................................................4, 15

*Phillis v. Harrisburg Sch. Dist.*,
   430 Fed. Appx. 118 (3d Cir. 2011) ...............................................................................1

*Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987)........................................................................4, 5, 12

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001)...............................................................................11

*Reynolds v. Turning Point Holding Co., LLC*,
   Civ. A. No. 19-cv-1935, 2020 U.S. Dist. LEXIS 33163,
   2020 WL 953279 (E.D. Pa. Feb. 26, 2020) ................................................14, 17

*Rose v. Granite City Police Dep't*,
   813 F. Supp. 319 (E.D. Pa. 1993) ...............................................................11, 16

*Roth v. Colvin*,
   Civ. A. No. 15-1192, 2016 U.S. Dist. LEXIS 22907,
   2016 WL 739220 (E.D. Pa. Feb. 23, 2016) ...............................................................1

*Sampath v. Concurrent Technologies Corp.*,
   227 F.R.D. 399 (W.D. Pa. 2005) ...............................................................................3

*Shuker v. Smith & Nephew, PLC*,
   885 F.3d 760 (3d Cir. 2018).....................................................................15, 16

*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*,
   No. MDL 1428 SAS, 2003 U.S. Dist. LEXIS 11961,
   2003 WL 21659368 (S.D.N.Y. July 15, 2003) ...............................................................8

*State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*,
   543 F.Supp.2d 424 (E.D. Pa. 2008) ...............................................................................4

*Suegart v. U.S. Customs Service*,
   180 F.R.D. 276 (E.D. Pa. 1998)...............................................................................3

*United States ex rel. Thomas v. Siemens AG*,
   708 F. Supp. 2d 505 (E.D. Pa. 2010) ...............................................................................6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003).....................................................................4, 18

*TruePosition, Inc. v. LM Ericsson Tel. Co.*,
   844 F. Supp.2d 571 (E.D. Pa. 2012) ...............................................................................17

*Turick v. Yamaha Motor Corp.*,
121 F.R.D. 32 (S.D.N.Y.1988) ..................................................................................2, 6, 7

*United States v. Lanz*,
Civ. A. No. 16-cv-1694, 2016 U.S. Dist. LEXIS 171104 (D.N.J. Dec. 9, 2016) ....................8

*Motors Liquid. Co. Avoidance Action Trust ex rel. Wilmington Trust Co. v.*
*JPMorgan Chase Bank, N.A. (In re Motors Liquid. Co.)*,
565 B.R. 275 (S.D.N.Y. Bankr. Feb. 16, 2017) ...................................................................8, 9

*Wilson v. RIU Hotels & Resorts*,
Civ. A. No. 10-7144, 2011 U.S. Dist. LEXIS 83373, 2011 WL 3241386
(E.D. Pa. July 29, 2011) ..........................................................................................................17

*Woloszyn v. Cnty. of Lawrence*,
396 F.3d 314 (3d Cir. 2005)........................................................................................................1

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)..................................................................................................................15

*Yanyac v. Cazassa*,
56 Conn. L. Rptr. 375, 2013 WL 3766912 (Conn. Super. Ct. June 27, 2013) ...................9, 10

**Statutes**

42 Pa. Cons. Stat. § 5322 .............................................................................................................10

28 U.S.C. § 1746..............................................................................................................................1

Austrian Service of Documents Act Section 1 ...............................................................................8

Austrian Service of Documents Act Section 12 .............................................................................8

**Other Authorities**

4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1104,
(3d ed. 2010) ..............................................................................................................................6

Federal Rule of Civil Procedure 4 .......................................................................................... passim

Federal Rule of Civil Procedure Rule 12(b) ....................................................................3, 4, 5, 18

## I.     INTRODUCTION and STATEMENT OF FACTS

This matter is premised on Plaintiff's global claim that numerous named and unnamed Defendants made misrepresentations regarding the reimburseability under Medicare of a medical device designed to relieve joint and arthritis pain, the Stivax device. (FAC, ¶¶ 1-2). Biegler's involvement in this case arises out of the fact that it manufactures the device in Austria and the device is distributed to Solace Advancement, LLC ("Solace") in the United States, which then markets and sells the device to Solace's customers. (*See id.*, ¶¶ 3, 5, 20-21, 24, 29). However, Biegler's involvement ends there. As set forth in the Declaration of Ingeborg Biegler,[2] Biegler's President and Chief Executive Officer, Biegler is an Austrian corporation with its principal place of business in Mauerbach, Austria and with no contacts in the Commonwealth of Pennsylvania. (Declaration of Ingeborg Biegler at ¶¶ 2, 5, 7-10, 16-21, attached hereto as **Exhibit A**.) While this case was initiated on December 6, 2019 with the filing of Plaintiff's original Complaint (ECF 1), Biegler was not named as a Defendant at that time. It was not until Plaintiff filed its First Amended Complaint on February 6, 2020 (ECF 22), that Biegler first became a named Defendant.

On or about March 6, 2020, Plaintiff apparently attempted to serve Biegler with original process by sending copies of the summons and First Amended Complaint by process server to

---

[2] Biegler submits a Declaration of Ms. Biegler, in lieu of an Affidavit, in accordance with 28 U.S.C. § 1746 due to Ms. Biegler's inability to visit a notary in person because of the worldwide crisis presented by the COVID-19 pandemic. Pursuant to 28 U.S.C. § 1746, the Declaration should be given "like force and effect" as though it were a notarized affidavit because Ms. Biegler has sworn that the statements contained therein are true and correct "under penalty of perjury under the laws of the United States of America." *See Phillis v. Harrisburg Sch. Dist.*, 430 Fed. Appx. 118, 122 (3d Cir. 2011) (explaining that unsworn declarations are permissible if they conform to 28 U.S.C. § 1746's requirement that declarants state that the contents of their declarations are true, subject to penalty of perjury); *see also Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005); *Roth v. Colvin*, Civ. A. No. 15-1192, 2016 U.S. Dist. LEXIS 22907, *19, 2016 WL 739220 (E.D. Pa. Feb. 23, 2016).

"Paul Dryden, Agent – ProMedic, Inc." (*See* Affidavit of Process Server, dated March 10, 2020, ECF 32). Plaintiff apparently hopes to effect service of process on Biegler by simply sending the complaint to a third-party located in the state of Florida - ProMedic, LLC ("ProMedic"). ProMedic is not a subsidiary of Biegler and it is not legally affiliated with Biegler in any way. (*See* **Exhibit A** at ¶¶ 12-14). Rather, ProMedic is a hired consultant in the United States with whom Biegler has contracted. (*Id.* at ¶¶ 13-15). This relationship between Biegler and ProMedic does not make ProMedic "the agent" of Biegler, and as a result, does not permit Plaintiff to attempt to serve Biegler through ProMedic. Under well-established authority, Paul Dryden and ProMedic are not "agents" of Biegler and are not authorized to accept service on its behalf. *Turick v. Yamaha Motor Corp.*, 121 F.R.D. 32, 34 (S.D.N.Y.1988).

Additionally, as discussed fully below, Austria is not a signatory to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (T.I.A.S. No. 6638, reprinted in 28 U.S.C.A. Fed. R. Civ. P. 4, note at 138 (the "Hague Convention")). Therefore, service on Biegler is governed by Austria's letters rogatory requirements for service by foreign plaintiffs, which requires a formal request to the court and a certified translation of the First Amended Complaint. Plaintiff has failed to comply with these requirements and, therefore, has not effectuated proper service of process on Biegler. Because Plaintiff's attempt to serve Biegler is completely ineffective, the First Amended Complaint against Biegler must be dismissed.

Without proper service, this Court lacks personal jurisdiction over Biegler and this case should not proceed as against Biegler. Even assuming Plaintiff can cure its failure to effectuate proper service of process in Austria on Biegler, Plaintiff has not established that the Court possesses general or specific personal jurisdiction over Biegler. Putting aside Plaintiff's wholly

conclusory class action allegations regarding the Defendants, all of whom Plaintiff lumps together as though they are one entity (which they are not), Plaintiff cannot overcome the undisputable facts that Biegler has zero contacts with the Commonwealth of Pennsylvania, and therefore, this Court does not have personal jurisdiction over Biegler.

For all of these reasons, as more fully explained *infra*, the Court should dismiss Plaintiff's First Amended Complaint against Biegler, with prejudice.

## II.      STANDARD OF REVIEW

The United States Supreme Court and the Third Circuit have held that the question over the validity of service of process must be decided at the onset of a case. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991). Accordingly, Biegler will address first its request for dismissal under Rule 12(b)(5).

### A.      Federal Rule of Civil Procedure Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) enables a court to dismiss a case for "insufficient of service of process." FED. R. CIV. P.  12(b)(5). The United States Supreme Court has instructed that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital*, 484 U.S. at 104 ; *Lampe*, 952 F.2d at 700-01. Therefore, it must be decided at the onset of a case. *Lampe*, 952 F.2d at 701.

When an objection to service of process is made, "the party making the service has the burden of demonstrating its validity." *Sampath v. Concurrent Technologies Corp.*, 227 F.R.D. 399, 402 (W.D. Pa. 2005) (citing *Suegart v. U.S. Customs Service*, 180 F.R.D. 276, 278 (E.D. Pa. 1998) (internal quotations omitted)); *see also Grand Entertainment Group, Ltd. v. Star Media*

*Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). The party asserting the validity of service must prove by a preponderance of the evidence that service was effective. *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*, 543 F.Supp.2d 424, 428 (E.D. Pa. 2008)(citing *Grand Entm't. Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Pertinent here given Plaintiff's attempt to serve Biegler through "c/o Paul Dryden, Agent," Plaintiff must establish that the "agent" had either express or implied authority to accept service and bind the Biegler. *Hemmerich Indus. v. Moss Brown & Co.*, 114 F.R.D. 31, 32 (E.D. Pa. 1987).

**B.**     **Federal Rule of Civil Procedure Rule 12(b)(2)**

"Rule 4(e) of the Federal Rules of Civil Procedure is the starting point [of a personal jurisdiction analysis]. This rule authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) (internal quotation marks omitted); *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987). Once the defendant raises a personal jurisdiction defense, the burden of establishing the court's jurisdiction rests with the plaintiff who must establish a prima facie case that sufficient contacts exist between the defendant and the forum state. *Provident*, 819 F.2d at 437; *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (internal citations omitted); *Kraus v. Alcatel-Lucent*, Civ. A. No. 18-2119, 2020 U.S. Dist. LEXIS 34146, *82, 2020 WL 951082 (E.D. Pa. Feb. 27, 2020). In other words, plaintiff "must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330 (3d Cir. 2009) (citation omitted).

However, unlike with Rule 12(b)(6), the scope of review under Rule 12(b)(2) is not limited to the face of the pleadings. *Patterson by Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990) (citation omitted) (holding Rule 12(b)(2) motion is "inherently a matter which requires resolution of factual issues outside the pleadings"). If a defendant puts forth evidence demonstrating its lack of connection to a jurisdiction, a plaintiff cannot rely on the bare pleadings alone to satisfy their burden. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 n.6 (3d Cir. 2004). Plaintiff's jurisdictional allegations must be supported by a preponderance of the competent evidence. *Patterson*, 893 F.2d at 604; *Provident*, 819 F.2d at 437. "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* (internal quotation marks omitted).

## III.   ARGUMENT

For the reasons argued below, even if Plaintiff were to overcome its failure to comply with its service requirements, the Court does not possess personal jurisdiction over Biegler and due process notions of fair play and substantial justice warrant Biegler's dismissal from this case.

### A.   <u>**Plaintiff Has Failed To Effectuate Proper Service of Process on Biegler.**</u>

Plaintiff has attempted to serve Biegler by delivering a copy of the First Amended Complaint and Summons to ProMedic – a consultant in the United States with whom Biegler has contracted. In Plaintiff's purported proof of service, Plaintiff claims to have issued service on Biegler "c/o Paul Dryden, Agent." (*See* Affidavit of Service filed at ECF <u>32</u>). Under the Hague Convention and well-established federal rules, however, Plaintiff's attempted service is entirely ineffective. Consequently, the Court should issue an order dismissing Plaintiff's First Amended Complaint as to Biegler.

1.      **Dryden and ProMedic Are Not "Agents" of Biegler.**

In support of its attempted service on Biegler, Plaintiff's Affidavit of Service incorrectly purports to have served Biegler by delivering the amended complaint to "Paul Dryden, Agent – ProMedic, Inc." (*See* ECF 32). Under Rule 4(h)(1)(B), service of process can be effected on a foreign corporation through delivery of the summons and the complaint to "an officer, a managing or general agent, or any other agent <u>authorized by appointment or by law to receive service of process</u>." FED. R. CIV. P. 4(h)(1)(B)(emphasis added.) But here, Plaintiff's attempted service fails because it has not completed service on such an "agent" of Biegler.

Neither Paul Dryden nor ProMedic are "agents" of Biegler authorized to receive service of process.  (**Exhibit A,** Biegler Decl. ¶¶ 12-13, 15). Indeed, Paul Dryden is not, and never has been, an employee of Biegler. (*Id.*, ¶ 12). ProMedic is not a subsidiary or otherwise affiliated with Biegler in any way. (*Id.*, ¶ 13). And parenthetically, even if ProMedic were a subsidiary, "a parent-subsidiary relationship does not necessarily establish an agency for the purpose of receiving process." *Turick*, 121 F.R.D. at 33; *see also United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 519-20 (E.D. Pa. 2010)("the parent-subsidiary relationship alone does not establish agency" for purposes of making service)(citing *Lasky v. Continental Products Corp.*, 97 F.R.D. 716 (E.D. Pa. 1983); and 4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1104, n. 10 (3d ed. 2010)). Judge Timothy Savage of this Court in *Siemens AG* stated that "[m]ere delivery of process to, or receipt of process by, a purported agent of the party to be served is insufficient to demonstrate an agency relationship for purpose of service of process." *Siemens AG*, 708 F. Supp. 2d at 519.

Importantly, "once the validity of service has been contested, the plaintiffs have the burden of proving proper service, and as such, plaintiffs must establish the agency of the person

or entity receiving process." *Turick*, 121 F.R.D. at 33 (internal quotations omitted); *see also Hemmerich Indus.*, 114 F.R.D. at 32 (plaintiff must establish that an "agent" had express or implied authority to accept service of process). Here, Plaintiff cannot establish that Paul Dryden or ProMedic are somehow "agents" of Biegler. Biegler does not have any registered agent for service of process in Florida or Pennsylvania. (**Exhibit A,** Biegler Decl. ¶ 10). ProMedic does not exercise any control over Biegler's board of directors, employees, policies, goals, objectives or day-to-day operations. (*Id.*, ¶ 14). Paul Dryden and ProMedic are not the general agent or managing agent for Biegler and have no general authority to enter contracts or otherwise conduct business on behalf of Biegler. (*Id.*, ¶ 15).

As Paul Dryden and ProMedic are not agents of Biegler, Plaintiff has failed to comply with Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. *See Turick*, 121 F.R.D. at 34 ("Plaintiffs have failed to meet their burden establishing an agency relationship for purposes of receiving process. Hence, service on YMC, a foreign corporation, is governed by the Hague Convention."); *see also McClenon*, 726 F.Supp. at 827 (holding that plaintiffs failed to show that Nissan U.S.A., a subsidiary of Nissan, Ltd., was an agent for purposes of service); *Dunakey v. American Honda Motor Co.*, 124 F.R.D. 638, 639 (E.D. Mo. 1989) (holding that plaintiff failed to show that American Honda, a subsidiary of Honda, Ltd., was an agent for purposes of service). For this reason alone, the Court should issue an order dismissing Plaintiff's First Amended Complaint as against Biegler.

### 2.     Plaintiff Failed To Comply With Austria's Letters Rogatory Process.

Because Plaintiff may not rely on Federal Rule of Civil Procedure 4(h)(1)(B), it must rely on Rule 4(h)(2), which permits service "in any manner prescribed by Rule 4(f) for serving an individual [in a foreign country], except personal delivery." "Rule 4(f) states three methods for

serving non-United States residents: (1) through the Hague Convention or some other means of service on which there is international agreement; (2) if there is no internationally agreed means of service, by a method reasonably calculated to give notice, such as pursuant to that foreign country's laws, via letter rogatory, personal service, or some form of mail requiring a signed acknowledgement of receipt from the individual; or (3) by other some other method that the court may order, as long as international agreement does not prohibit it." *United States v. Lanz*, Civ. A. No. 16-cv-1694, 2016 U.S. Dist. LEXIS 171104, *2-3 (D.N.J. Dec. 9, 2016).

As noted above, Austria is not a signatory to the Hague Convention. Therefore, "service of process in Austria must be accomplished through a formal request by letter rogatory. Austria requires that all translations be done by an Austrian court-certified translator. Alternative service on Austrian defendants is discouraged." *Motors Liquid. Co. Avoidance Action Trust ex rel. Wilmington Trust Co. v. JPMorgan Chase Bank, N.A. (In re Motors Liquid. Co.)*, 565 B.R. 275, 291 (S.D.N.Y. Bankr. Feb. 16, 2017) (citing *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, No. MDL 1428 SAS, 2003 U.S. Dist. LEXIS 11961, 2003 WL 21659368, at *3 (S.D.N.Y. July 15, 2003) (concluding that alternative service attempt under Rule 4(f)(3) was invalid as "the direct service of foreign legal documents by foreign authorities or by private individuals without the assistance or consent of Austrian authorities is regarded as an infringement of Austria's sovereignty")).

"In Austria, unlike the United States, 'service of a complaint (regardless of the sender) is a judicial act that may be exerted only by a court unless an international convention provides specifically for the opposite.'" *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74, 80 (D.C. Cir. 2014) (citing "Austrian Service of Documents Act §§ 1, 12(1)"). Section 12(1) of the Austrian Service Act requires: "The service of documents generated

by authorities abroad to recipients in Austria shall be carried out in accordance with the existing international conventions, in the absence of which it has to be done in accordance with this law."

Put simply, the only way Plaintiff may properly effect service of process in Austria is through formal letters rogatory.  *See* **Exhibit B**, a true and correct copy of the United States Department of State, Bureau of Consular Affairs, "Austria," at p. 2 ("Austrian authorities have advised the U.S. Embassy and the U.S. Department of State that, in the absence of any other international agreement, <u>service of process in Austria may be accomplished by making a formal request via letters rogatory</u>.") (emphasis added);[3] *In re Motors Liquidation Co.*, 565 B.R. at 291 ("[S]ervice of process in Austria must be accomplished through a formal request by letter rogatory"); *Hypo Bank Claims Grp., Inc. v. Am. Stock Transfer & Trust Co.*, 791 N.Y.S.2d 870, 870, 2004 N.Y. Misc. LEXIS 1491, *23, 2004 WL 1977612, at *7 (N.Y. Supr. Ct. June 28, 2004) ("[I]n order to avoid service of process that is defective under Austrian law, 'service of foreign legal documents in Austria should be effected by letters rogatory through diplomatic channels, i.e. with the assistance of the Federal Ministry for Foreign Affairs.'").

Importantly, Austrian law prohibits service by alternative means.  *See* **Exhibit B**, p. 2 ("If service of process from the United States is attempted in Austria by certain methods detailed in Rule 4 of the U.S. Federal Rules of Civil Procedure, such as service by mail; or service by a local agent such as a local attorney or service by publication, that may not constitute service of process under Austrian law and may be considered a violation of Austrian sovereignty."); *see also Yanyac v. Cazassa*, 56 Conn. L. Rptr. 375, 2013 WL 3766912, at *2 n.5 (Conn. Super. Ct. June 27, 2013) ("[S]ince Austrian law prescribed a specific method of serving the defendant, ordering

---

[3] The document contained in Exhibit B was created from the U.S. Department of State's website available at:  <u>https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Austria.html</u> (last modified November 15, 2013; last visited May 22, 2020).

a different method of service under Fed.R.Civ.P. 4(f)(3) would constitute a substantial affront to Austrian law.").

Here, Plaintiff's Affidavit of Service confirms that Plaintiff has made no attempt to comply with Austrian law, choosing instead to attempt informal means of service of process by serving a legally unrelated party, ProMedic by and through Paul Dryden. ProMedic is not an agent of Biegler and Plaintiff is not permitted to serve an entity entirely distinct from Biegler in an attempt to avoid having to comply with Austrian law. Permitting service to stand in these circumstances would undoubtedly be "a substantial affront to Austrian law." *See Yanyac, supra* at *2. Indeed, Plaintiff has not even tried service of process via letters rogatory, and has not attempted to serve a translated version of the First Amended Complaint. Plaintiff's effort to shirk its responsibilities under both the Federal Rules of Civil Procedure and international law should be rejected by this Court.

Accordingly, the Court should issue an order quashing Plaintiff's attempted service on Biegler and dismissing Plaintiff's First Amended Complaint as to Biegler.

**B.      Personal Jurisdiction Is Entirely Lacking Over Biegler.**

As stated above, personal jurisdiction over a nonresident defendant is permitted to the extent allowed under the law of the state in which the district court sits. FED R. CIV. P. 4(e). In order for this Court to properly exercise personal jurisdiction over Biegler, such jurisdiction must be conferred by Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. § 5322. The Court must then be satisfied that personal jurisdiction is appropriate under the Due Process clause of the Fourteenth Amendment. *See Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Under Pennsylvania law, this second inquiry folds into the first because Pennsylvania's long-arm statute authorizes courts to exercise personal jurisdiction to the full extent permitted by the Due

Process clause of the United States Constitution. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).

Under the Due Process Clause, courts may exercise personal jurisdiction over out-of-state defendants only in cases where the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)). The minimum contacts requirement may be met through either of two theories of personal jurisdiction: specific or general. *See, e.g. BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017); *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). A defendant should not be subjected to a jurisdiction "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). Whether a district court may properly exercise jurisdiction over a foreign defendant is a question of law. *Metcalfe*, 566 F.3d at 329.

Plaintiff summarily alleges that the Court "has personal jurisdiction over the Defendants because they did business in this state and District, and they have sufficient minimum contacts in this state and District through the promotion, marketing, and sale of Stivax." (FAC, ¶ 41). This is the <u>only jurisdictional allegation</u> against Biegler. And it is entirely conclusory and, thus, wholly insufficient to establish even a prima facie showing of personal jurisdiction over Biegler. *See Rose v. Granite City Police Dep't*, 813 F. Supp. 319, 321 (E.D. Pa. 1993)(court granted dismissal based on lack of personal jurisdiction where plaintiff failed to make even a threshold prima facie showing of jurisdiction as the defendant's only contact with Pennsylvania was mailing a notice to the Plaintiff). Indeed, Plaintiff does not include any specific allegations regarding Biegler and

its contacts, if any, to this forum. That is because Plaintiff cannot establish personal jurisdiction. Plaintiff, instead, phrases its allegations as to the Defendants as one unit or the "Stivax Enterprise" in an effort to avoid having to plausibly plead its claims in accordance with the Federal Rules of Civil Procedure.

For these reasons which are more fully discussed below, Plaintiff cannot factually establish either general or specific personal jurisdiction over Biegler.

### 1.    General Jurisdiction

General personal jurisdiction over a foreign, out-of-state company may be exercised where the claims of plaintiffs are not related to or do not arise out of the defendant's contact with the forum only if the company's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the state." *Goodyear*, 564 U.S. at 919; *Metcalfe*, 566 F.3d at 334. Clearly, a company is "at home" in its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S.Ct. 736 (2014). If, however, a company lacks both of these primary connections with a forum state, there must be "exceptional" circumstances present for the company to be considered "at home" in the state. *Id.* at 139 n.19. To establish general jurisdiction, plaintiffs must show more than mere minimum contacts and must prove such contacts with reasonable particularity. *See Provident,* 819 F.2d at 437; *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985).

Here, Plaintiff has not alleged any fact in an attempt to establish general jurisdiction over Biegler, and indeed, does nothing to substantiate any notion that Biegler is "at home" in Pennsylvania, or that it has any contacts whatsoever to this state. To the contrary, Plaintiff acknowledges the following facts:

(1) Biegler is an Austrian company with its principal place of business in Mauerbach, Austria (FAC, ¶ 20);

(2) Biegler retained the services of third parties (*i.e.*, ProMedic and Mr. Dryden) to assist it in obtaining FDA approval for the Stivax device (*id.*, ¶ 22);

(3) Biegler contracted with Mr. Carpenter and Solace as a distributor in the United States (*id.*, ¶ 24);

(4) Solace distributes the Stivax device pursuant to its agreement with other distributors (and not Biegler) (*id.*, ¶ 28); and,

(5) Solace promoted, marketed and sold the Stivax device to Plaintiff (*id.*, ¶ 29).[4]

These pleaded facts conclusively demonstrate that general jurisdiction does not exist over Biegler. And, these facts are further supported by Ms. Biegler's Declaration wherein she affirms that Biegler does not have any presence in the United States and specifically Pennsylvania. (**Exhibit A**, Biegler Decl., ¶¶ 7-10, 16-21). She further confirms that Biegler does not conduct any business operations within the borders of the United States, has no place of business in Pennsylvania, and has never negotiated or entered into any contracts with any entity in this state. (*Id.*, ¶¶ 7-8, 17, 19). To this end, Biegler does not have a license to transact business or an office address in Pennsylvania, and has never sold any of its products to an entity or customer in Pennsylvania. (*Id.*, ¶¶ 8, 16, 18). Biegler does not have any officers, directors, or employees who reside in Pennsylvania (or the United States, for that matter). (*Id.*, ¶ 9). Biegler has not and does

---

[4] Plaintiff asserts numerous additional allegations regarding another device, the P-STIM, which is also manufactured by Biegler. (FAC, ¶¶ 44-56, 64-70). It is unclear why Plaintiff included those irrelevant and inadmissible allegations as it is only seeking relief with regard to the marketing, promotion and distribution of the Stivax device. (*See generally*, FAC, ¶¶ 62-179). Notwithstanding the same, Plaintiff's allegations with regard to the P-STIM device, for the same reasons outlined herein, do not establish general or specific jurisdiction over Biegler in Pennsylvania.

not market, advertise, sell, distributor or lease any products to users in Pennsylvania or pay taxes in Pennsylvania. (*Id.*, ¶¶ 19-20). Finally, Biegler has never sold any product to any entity or customer in Pennsylvania and has never distributed any product through an entity in Pennsylvania, including the Stivax device which is exclusively distributed in the United State .to Solace in the state of Michigan. (*Id.*, ¶¶ 18, 21-23).

These facts readily demonstrate that the Court should not exercise general personal jurisdiction over Biegler because it is clearly not "at home" in Pennsylvania and no circumstances exist, let alone any "exceptional" circumstances, to warrant the exercise of jurisdiction. Plaintiff has not even attempted to plead any facts substantiating that exceptional circumstances render Biegler at home in Pennsylvania. Because Biegler has no relationship whatsoever with Pennsylvania, general jurisdiction is entirely absent. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (citing *Goodyear*, 564 U.S. at 919).

### 2.     Specific Jurisdiction

In contrast to general jurisdiction, specific jurisdiction depends on an affiliation between the forum and the underlying controversy. *See Goodyear*, 564 U.S. at 919; *Reynolds v. Turning Point Holding Co., LLC*, Civ. A. No. 19-cv-1935, 2020 U.S. Dist. LEXIS 33163, *7, 2020 WL 953279 (E.D. Pa. Feb. 26, 2020). Specific jurisdiction exists if the defendant has "'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Metcalfe*, 566 F.3d at 334; *Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 211 (3d Cir. 1984). While general jurisdiction subjects a company to jurisdiction for all purposes, specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* A "court must

determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have 'reasonably anticipated being haled into court there.'" *Pennzoil*, 149 F.3d at 201 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "A finding of minimum contacts demands the demonstration of 'some act by which the defendant purposely availed itself of the privilege of conducting business within the forum State, thus invoking the protection and benefits of its laws.'" *Id.* at 203 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). If "minimum contacts have been established, a court may [then] inquire whether 'the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 201 (quoting *Burger King*, 71 U.S. at 476).

Plaintiff's bare bones allegations that this Court has specific jurisdiction because "Defendants … did business in this state … and have sufficient minimum contacts in this state and District through the promotion, marketing, and sale of Stivax" (FAC, ¶ 41) do not meet the Third Circuit's requirement of purposeful availment: "what is necessary is a deliberate targeting of the forum," *O'Connor v. Sandy Lane Hotel Co. Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007); *Burger King*, 471 U.S. at 472; *see also Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018). Plaintiff has not alleged any facts in their First Amended Complaint that Biegler has a single contact with Pennsylvania or deliberately targeted Pennsylvania – to the contrary, it has admitted that it solely distributes the device to Solace in Michigan. (FAC, ¶¶ 24, 26, 27; *see also* **Exhibit A**, Biegler Decl., ¶¶ 22-24). On this point, Ms. Biegler attests that the device is solely distributed to Solace's location in Michigan and that once it reaches there, Biegler "has no direction or control over where or how the product is subsequently marketed, distributed, transferred and/or sold." (**Exhibit A**, Biegler Decl., ¶ 24). For these reasons, Plaintiff cannot meet its burden of establishing a prima facie case of personal jurisdiction over Biegler. *See also*

*Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 206 F. Supp. 3d 1026, 1032 (E.D. Pa. 2016)(granting dismissal without the need for jurisdictional discovery where the plaintiff failed to allege or show that the defendant undertook sufficient activities in Pennsylvania).[5]

Any argument that because Solace may have nationally marketed and sold the device "throughout the United States" (see FAC, ¶¶ 5, 25, 28, 60, 68, 72) does not substantiate the exercise of specific jurisdiction over Biegler. *See also Shuker*, 885 F.3d at 780. First, Biegler and Solace are entirely unrelated and distinct entities. Thus, any actions taken by Solace after the device reaches it in Michigan has absolutely no bearing on Biegler. Second, and most importantly, efforts "to exploit a national market" that "necessarily included Pennsylvania" are insufficient to establish specific jurisdiction. *D'Jamoos*, 566 F.3d at 104; *Shuker*, 885 F.3d at 780. Yet, nationally directed efforts appear to be all that Plaintiff is alleging here, for its actual allegations state only that Biegler sold the product through Solace in Michigan and that Solace engaged in efforts to market, promote and distribute the device nationally. (See FAC, ¶¶ 28, 60, 68, 72, averring the Defendants' conduct has having being taken "in", "throughout", or "across the United States"). And any notion that because Plaintiff is a resident of Pennsylvania and was purportedly injured here has no bearing on this analysis. *See Metcalfe*, 566 F.3d at 334 (the personal jurisdiction inquiry focuses on the nature of the defendant's - not the plaintiff's -

---

[5] Because Plaintiff has failed to set forth even the minimum requirements for a prima facie showing for personal jurisdiction, Plaintiff should not be entitled to jurisdictional discovery. *See also Orange Products, Inc. v. Winters*, Civ. A. No. 94-6004, 1995 U.S. Dist. LEXIS 3443, 1995 WL 118461, at *5 (E.D. Pa. Mar. 21, 1995) (denying request for discovery where plaintiff failed to demonstrate a prima facie basis for personal jurisdiction); *Rose*, 813 F. Supp. at 321 (denying request for discovery where plaintiff failed to make a threshold prima facie showing of jurisdiction); *Di Maggio v. Cooperativa Agricola S. Giuseppe*, Civ. A. No 96-4682, 1997 U.S. Dist. LEXIS 8844, *2-4, 1997 WL 360945 (E.D. Pa. June 23, 1997)(same). Biegler should be dismissed from this action, with prejudice and without requiring it to engage in any discovery.

contacts with the forum state). Plaintiff's allegations are wholly insufficient to confer specific jurisdiction over Biegler.

To the extent Plaintiff attempts to argue that specific jurisdiction, or even general jurisdiction, exists because Biegler advertises the Stivax device generally on its website, such an argument would also fail. Operating a website does not subject any out-of-state entity to specific or general personal jurisdiction in Pennsylvania. *See Reynolds*, 2020 U.S. Dist. LEXIS 33163, at *12-13 (citing *TruePosition, Inc. v. LM Ericsson Tel. Co.*, 844 F. Supp.2d 571, 592 (E.D. Pa. 2012) ("To hold that the possibility of ordering products from a website establishes general jurisdiction would effectively hold that any corporation with such a website is subject to general jurisdiction in every state."); *Wilson v. RIU Hotels & Resorts*, Civ. A. No. 10-7144, 2011 U.S. Dist. LEXIS 83373, 2011 WL 3241386, at *8 (E.D. Pa. July 29, 2011) ("Maintenance of a website which allows users to reserve accommodations at Defendant's resorts does not demonstrate that [defendant] has systematic and continuous contact with Pennsylvania")).

Quite simply, Plaintiff has not alleged any facts to demonstrate that Biegler took any actions to purposefully direct any activities in Pennsylvania, whether by soliciting a distributor here, distributing the Stivax to an entity in Pennsylvania, or having any contacts whatsoever here. And the facts set forth in Ms. Bielger's Declaration confirm that Biegler has no contacts with Pennsylvania, has never distributed its products here and has never engaged in any business operations here. (*See generally,* **Exhibit A**, Biegler Decl.). Plaintiff cannot show that Biegler has ever availed itself of the privilege of conducting business within Pennsylvania, because it has not. In short, Plaintiff cannot establish any connection between Biegler and Pennsylvania, let alone any connection between the claims at issue in this case and Biegler's single act of distribution to Michigan, in order support the Court's exercise of specific jurisdiction. *See also*

17

*Toys "R" Us*, 318 F.3d at 451 (a plaintiff must show some form of "visitation" to the forum state through solicitation of customers primarily there); *Mesalic v. Fiberfloat, Corp.*, 897 F.2d 696, 702 (3d Cir. 1990)(specific jurisdiction found where the defendant visited the forum state).

Accordingly, the Court should dismiss with prejudice Plaintiff's First Amended Complaint as against Biegler pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## IV.    CONCLUSION

Plaintiff has purportedly attempted to serve Biegler in accordance with the Federal Rules of Civil Procedure by perfecting service on an "agent" of Biegler. Paul Dryden and ProMedic, however, are not "agents" of Biegler. Therefore, Plaintiff may not serve Biegler by simply sending the complaint to Mr. Dryden and/or ProMedic in Florida. Service of Biegler is, instead, governed by Austria's requirements for letters rogatory. Plaintiff has completely failed to comply with Austria's requirements. Biegler respectfully requests that the Court issue an order dismissing Plaintiff's First Amended Complaint  pursuant to Rule 12(b)(5) for insufficient service process.

Biegler further requests that the Court dismiss this action against it on the grounds that the United States District Court for the Eastern District of Pennsylvania does not have either general or specific personal jurisdiction over Biegler. For the reasons set forth *supra*, Biegler has no contacts with this forum, let alone minimum contacts, in order to warrant the Court's exercise of jurisdiction. Further, Plaintiff has not and cannot demonstrate that any purported action of Biegler directly targeted this forum. Accordingly, Biegler should be dismissed with prejudice pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

Dated:  May 22, 2020                                  */s/ Carolyn B. McGee*
                                                     Carolyn B. McGee
                                                     (Pa. I.D. No. 208815)

18

Porter Wright Morris & Arthur LLP
6 PPG Place, Third Floor
Pittsburgh, PA 15222
Tel:  (412) 235-4500
Fax:  (412) 235-4510
cmcgee@porterwright.com

Theodore R. Walters
Florida Bar No. 0985813
Anthony R. McClure
Fla. Bar No. 102753
Porter, Wright, Morris & Arthur, LLP
9132 Strada Place, Third Floor
Naples, Florida 34108-2683
Tel:  239-593-2900
Fax: 239-593-2990
twalters@porterwright.com
amclure@porterwright.com

*Counsel for Defendant Biegler GmbH*

## <u>CERTIFICATE OF SERVICE</u>

I, Carolyn B. McGee, hereby certify that on May 22, 2020, I caused a true and correct copy of the foregoing document to be filed via the Court's ECF system, which constitutes service upon all counsel of record via the Court's ECF system.

*/s/ Carolyn B. McGee*      

Carolyn B. McGee

*Counsel for Biegler GmbH*

13280797v4