IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEUROSURGICAL CARE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BIEGLER GMBH; SOLACE ADVANCEMENT, LLC; JAMES W. CARPENTER; DOC SOLUTIONS LLC; MARK KAISER; LIZ O'NEILL; ABC CORPS 1-50; and JOHN DOES 1-50,<br><br>    Defendants. | Civil Action No. 19-5751<br><br>Judge John Milton Younge |
| DOC SOLUTIONS LLC; and MARK KAISER,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>DR. TIMOTHY WARREN,<br><br>    Third-Party Defendant. | |

**DEFENDANTS', DOC SOLUTIONS LLC AND MARK KAISER,
ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS', SOLACE
ADVANCEMENT, LLC AND JAMES W. CARPENTER, CROSS-CLAIM**

Defendants, Doc Solutions LLC ("Doc Solutions") and Mark Kaiser (collectively, the "Doc Solutions Defendants"), hereby answer the Cross-Claim of Defendants, Solace Advancement, LLC ("Solace") and James W. Carpenter (collectively, the "Solace Defendants"), and plead their affirmative defenses as follows:

1. Admitted that Solace is the sole U.S. importer for Biegler GMBH, the manufacturer of Stivax.

2. Admitted that on or about November 2, 2016, Doc Solutions and Solace entered into an agreement entitled the "Stivax Representative Agreement" (the "Agreement"), wherein Doc Solutions agreed to sell and distribute Stivax to health care providers in the United States. Further, admitted that the Agreement is attached to the Doc Solutions Defendants' Cross-Claims as Exhibit A.

3. Admitted that the Agreement, attached as Exhibit "A", is a true and correct copy, which speaks for itself; otherwise, the Doc Solutions Defendants deny any and all remaining editorializing, descriptions, legal conclusions, inferences and allegations.

4. Denied.

5. Denied.

6. Admitted that the Doc Solutions Defendants relayed information provided by Dr. Timothy Warren to medical providers, including Plaintiff, regarding Dr. Warren's billing and compliance recommendations. Further admitted that Dr. Warren's recommendations were provided at the direction of, or at the very least with the knowledge and assent of, the Solace Defendants. Otherwise, the Doc Solutions Defendants deny Paragraph 6.

7. Denied.

## Count I – Contractual Indemnification

8. The Doc Solutions Defendants reincorporate Paragraphs 1 through 7 above, as if fully set forth herein.

9. Admitted that the Agreement, attached as Exhibit "A", is a true and correct copy, which speaks for itself; otherwise, the Doc Solutions Defendants deny any and all remaining editorializing, descriptions, legal conclusions, inferences and allegations.

10. Denied.

11. The Doc Solutions Defendants are without knowledge as to the allegations contained in Paragraph 11, and it is therefore denied.

12. Denied.

13. Denied.

## Affirmative Defenses

### First Affirmative Defense – Failure to State a Claim

The Solace Defendants' Cross-Claim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense – Unclean Hands

The Solace Defendants' Cross-Claim fails because it is barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense – Failure to Mitigate

The Solace Defendants' Cross-Claim fails because the alleged damages, which are strictly denied, are barred by their failure to mitigate.

### Fourth Affirmative Defense – Comparative Negligence

The Solace Defendants' alleged damages, which are expressly denied, should be reduced, in whole or in part, pursuant to the doctrine of comparative negligence.

### Fifth Affirmative Defense – Time Barred

The Solace Defendants' Cross-Claim fails because it is barred, in whole or in part, by applicable laws of statutes of limitation.

### Sixth Affirmative Defense – Equitable Estoppel

Notwithstanding the terms of the Agreement, the Solace Defendants acted in a manner or communicated in a way that performance on the part of the Doc Solutions Defendants had been excused, and the Doc Solutions Defendants relied on the Solace Defendants' statements and

-4-

actions.  The Solace Defendants are now prevented from denying those statements or actions and claiming the Doc Solutions Defendants breached the Agreement.

Seventh Affirmative Defense – Waiver

The Solace Defendants waived their rights to enforce obligations under the Agreement through the Solace Defendants' statements and actions.

WHEREFORE, the Doc Solutions Defendants respectfully request judgment in their favor and against the Solace Defendants for damages, costs, a prejudgment interest and such other and further relief as this Court deems just and proper.

Dated:  August 24, 2020                                                      Respectfully submitted,


                                                                                          */s/ Ben Curtis*
                                                                                          Ben Curtis
                                                                                          (Fl. Atty. ID No. 118156)
                                                                                          Admitted *pro hac vice*
                                                                                          MCDERMOTT WILL & EMERY LLP
                                                                                          333 SE 2nd Avenue, Suite 4500
                                                                                          Miami, FL 33131-2184
                                                                                          (305) 329-4442
                                                                                          *Counsel for Defendants*
                                                                                          *Doc Solutions LLC and Mark Kaiser*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this date, a true and correct copy of the foregoing was filed and provided to the below listed parties via ECF:

**Simon Paris**
**Patrick Howard**
**Charles Kocher**
SALTZ MONGELUZZI BARRETT & BENDESKY
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

**Andrea P. Brockway**
**Justin C. Danilewitz**
SAUL EWING ARNSTEIN & LEHR LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

**Jeffrey A. Lutsky**
**William E. Mahoney, Jr.**
**Melissa L. Perry**
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market St., Suite 2600
Philadelphia, PA 19103

**Ben Curtis**
MCDERMOTT WILL & EMERY LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131

Dated: August 24, 2020                                  /s/  *Ryan K. Todd*
                                                                       Ryan K. Todd