# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEUROSURGICAL CARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BIEGLER GMBH; SOLACE ADVANCEMENT, LLC; JAMES W. CARPENTER; DOC SOLUATIONS LLC; MARK KAISER; LIZ O'NEILL; ABC CORPS 1-50; and JOHN DOES 1-50,<br><br>Defendants. | Case No. 2:19-cv-05751-JMY<br><br>The Honorable John M. Younge<br><br>*Electronically Filed* |

### DEFENDANT BIEGLER GMBH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "NOTICE OF SUPPLEMENTAL AUTHORITY" (ECF No. 86)

Pursuant to the Court's Order entered July 6, 2021 (ECF No. 89) on Defendant, Biegler GmbH's ("Biegler") Motion to Strike Plaintiff's Notice of Supplemental Authority, or in the alternative, Motion for Leave to File a Response in Opposition thereto (ECF No. 87), granting Biegler leave to file its Response in Opposition, Biegler respectfully submits the following in response to Plaintiff's Notice of Supplemental Authority.

For the reasons that follow, the Court should reject Plaintiff's rehashed arguments in its Notice regarding its failure to effectuate proper service of process and the Court's lack of personal jurisdiction over Biegler. Plaintiff has not identified any recent binding authority supporting the notion proper service has been made on Biegler, that it is entitled to alternative service, or that this Court has personal jurisdiction over Biegler.

**I.     Biegler Has Not Waived Its Rule 12(b)(5) Challenge to Plaintiff's Lack of Service of Process By Agreeing to Accept Service in a Separate Case, in a Separate Forum.**

Plaintiff argues Biegler has waived its challenge to Plaintiff's failure to properly serve Biegler in Austria with original process by accepting service in a separate case that was filed by a

different plaintiff in the District of Arizona (the "Arizona case").[1]  Plaintiff fails to accept the fact that Biegler's waiver of service in the Arizona case was expressly limited *to that case only*, and it has no bearing on whether Biegler was properly served in this case.  (*See* ECF No. 29 in the Arizona case).  Plaintiff does not cite any authority in support of its new position on service, even though – as discussed in more detail below – courts have consistently held that acceptance of service in one action does not constitute a waiver of service in other actions.  *See Shuster v. Nassau Cty.*, No. 96 Civ. 3635, 1999 U.S. Dist. LEXIS 104, at *8 (S.D.N.Y. Jan. 7, 1999).

As a preliminary matter, Plaintiff's reference to Biegler's acceptance of service in the Arizona case is an attempt to introduce additional argument regarding unrelated factual developments; it is not "supplemental authority."  "The purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it; it is not a venue for submission of additional argument or factual evidence."  *Myers v. Freed*, No. cv-19-05683, 2020 U.S. Dist. LEXIS 189589, at *1-2 (D. Ariz. Oct. 13, 2020) (citing *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n.3 (C.D. Cal. 2014)).  Plaintiff's argument regarding Biegler's acceptance of service in the Arizona case does not involve any newly-decided cases.  In sum, Plaintiff's Notice of Supplemental Authority is a transparent attempt by Plaintiff to reargue its opposition to Biegler's Motion to Dismiss and in support of its Cross-Motion for Alternative Service, both of which have been fully briefed.

Plaintiff's argument also fails because the "Stipulated Deadline for Biegler GmbH to Answer or Otherwise Respond to Plaintiffs' Complaint" filed in the Arizona case expressly states that Biegler did not intend to waive service in this case.  *See* ECF No. 86 at 2; ECF No. 86-2; ECF

---

[1] The Arizona case, filed on January 6, 2021, is captioned *Dr. Timothy Munderloch et al. v. Biegler GmbH et al.*, Civ. Action No. 3:21-CV-08004-GMS.  The docket sheet is available here.

No. 29 in the Arizona case. The stipulation specifically states that "Biegler waived formal service . . . *for the purposes of this case only*." *Id.* (emphasis added).[2] The stipulation does not mention or refer to this case, and nothing in the stipulation suggests that it would extend to this matter, in a different court, in an entirely separate case involving a different plaintiff.

Finally, Plaintiff does not cite any authority suggesting that Biegler's acceptance of service in the Arizona case satisfies the service requirements of Fed. R. Civ. P. 4(h) in this case, because there is none. To the contrary, courts addressing this issue have held that acceptance of service by a party in one matter does not constitute a waiver of service or an acceptance of service in other cases. *See, e.g, Shuster* 1999 U.S. Dist. LEXIS 104, at *8 (holding that a district attorney's office acceptance of service in one action did not constitute a waiver or acceptance of service in a separate case); *Jones v. Martin*, No. 1:10-cv-1591, 2011 U.S. Dist. LEXIS 162158, at *4-5 (N.D. Ga. Jul. 25, 2011) (holding that service was improper where the plaintiff served the defendant's attorney, who had been authorized to accept service in another matter); *United States ex rel. Conner v. Veluchamy*, No. 11-cv-4458, 2015 U.S. Dist. LEXIS 157011 at *6-7 (N.D. Ill. Nov. 20, 2015) (holding that service of defendant's attorneys was improper because the attorneys were not authorized to accept service in the matter). Biegler did not waive its right to contest service of process in this action by accepting service in a separate action.

---

[2] In the Arizona case, the plaintiff undertook significant efforts to effectuate service under the Hague Convention, as detailed in the declaration that plaintiff's counsel filed in that case. *See* ECF No. 22 in the Arizona case. In its motion to extend time for service, plaintiff's counsel certified the efforts undertaken to complete service under the Hague Convention, including the translation of documents, the execution of certain foreign service forms, and communications with Austrian officials. *Id.* at 8-9. Unlike the Arizona action, Plaintiff's counsel **has taken no steps whatsoever** to serve Biegler in accordance with Austrian and international law.

**II.     Recent Non-Binding Authority Confirms that the Court Should Deny Plaintiff's Cross-Motion for Alternative Service.**

Plaintiff argues that alternative service upon Biegler's United States counsel is appropriate because (1) the United States counsel of a foreign corporation may accept service on the corporation's behalf regardless of whether counsel has consented to do so, and (2) alternative service is permissible even if it violates Austrian law or international law.[3]  ECF No. 86 at 3-7. Both arguments fail.

First, alternative service upon the United States counsel of a foreign corporation is not permitted where counsel does not have consent or authorization to accept service on behalf of his or her client.  "[F]or service of process upon an agent to be effective, the agent must have been actually appointed by the defendant for the specific purpose of receiving process." *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 519 (E.D. Pa. 2010); *see also Allstate Ins. Co. v. Funai Corp.,* 249 F.R.D. 157, 163 (M.D. Pa. 2008) ("A defendant's attorney is not deemed an agent appointed to receive service absent a factual basis for believing such an appointment by the defendant has occurred.").  Here, Biegler's counsel appeared in this action for the limited purpose of contesting jurisdiction and the adequacy of service, and has not been authorized to accept service on Biegler's behalf.

In Plaintiff's cited non-binding "supplemental authority", the district court allowed alternative service due to highly unusual conditions, which are not present here.  In *Aldossari on behalf of Aldossari v. Ripp*, No. CV 2-3187, 2021 WL 259957, at *3 (E.D. Pa. Jan. 26, 2021), the

---

[3] The Court should also note that after briefing on the service issue closed, Austria became a signatory to the Hague Convention.  *See also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 Civ. 5553, 2020 U.S. Dist. LEXIS 228149, at *15-16 (S.D. N.Y. Dec. 4, 2020) (noting that Austria ratified the Hague Service Convention).  Notably, Plaintiff does not address this development in its Notice of Supplemental Authority.

court ordered alternative service where the plaintiff showed that service upon foreign defendants in their home countries was not possible under the circumstances.  In *Aldossari*, the court permitted service upon the United States counsel of the Saudi Arabian Crown Prince because Saudi Arabia was not a signatory to the Hague Convention, because personal service in Saudi Arabia could place a process server in physical danger, and because the Crown Prince could not otherwise be reached. 2021 WL 259957, at *4-5.  By contrast, it does not appear that Plaintiff has even attempted to serve Biegler according to the processes provided by Austrian and applicable international law.  In any event, Plaintiff has not identified any circumstances that have prevented Plaintiff from properly serving Biegler.  Plaintiff has not shown any cause, let alone good cause, for alternative service and the Court should reject Plaintiff's request for alternative service.

And in *In re TK Holdings, Inc.* — the other case that Plaintiff cites — the court allowed service upon a corporation's United States counsel where the plaintiff showed that service through proper international channels would cause unnecessary delay and cost, which would deplete the assets of a bankruptcy trust.  No. 17-11375, 2021 Bankr. LEXIS 401, at *4 (D. Del. Bankr. Mar. 8, 2021).  Here, Plaintiff has not shown that service according to proper international channels would cause undue delay or cost.  Indeed, Plaintiff has not even attempted any steps towards completing service.

Second, the Court should not permit Plaintiff to avoid the proper channels of service under Austrian law.  Plaintiff again argues that it should be permitted to effect alternative service upon Biegler regardless of whether alternative service is permissible under Austrian law or international law.  ECF No. 86 at 4-5.  But courts consistently hold that service of international corporations must be accomplished via appropriate channels to avoid violating the sovereignty of a foreign nation.  *ILVA U.S.A., Inc. v. M/V Botic*, C.A. No. 92-0717, 1992 U.S. Dist. LEXIS 11923, at *6

(E.D. Pa. Jul. 31, 1992) (citing *CFTC v. Nahas*, 738 F.2d 487, 493–94 (D.C. Cir. 1984)) (noting that courts disfavor methods of that infringe upon or interfere with the sovereignty of a foreign nation). And the Court should not permit alternative service where Biegler has made no effort to comply with Austrian law. *E.g., Bazarian Int'l Fin. Assocs. LLC v. Desarrollos Aerohotelco. C.A.*, 168 F. Supp. 3d 1, 7 (D. D.C. 2016) (permitting alternative service where the plaintiff diligently attempted service in compliance with international law).[4]

### III. None of the "Recent Authority" Cited by Plaintiff Permits the Exercise of Personal Jurisdiction Over Biegler.

#### A. *Personal Jurisdiction Over Biegler Does Not Exist Under 18 U.S.C. § 1965(b) Because Biegler Does Not Have Minimum Contacts in the United States.*

As Biegler argued in its Reply in Support of its Motion to Dismiss, 18 U.S.C. § 1965(b) does not apply because Plaintiff did not plead jurisdiction under Section 1965(b) in its First Amended Complaint. (ECF No. 64 at 5-6). Plaintiff's attempt to establish jurisdiction under Section 1965(b) accordingly fails.

But even if Section 1965(b) applied, the "supplemental authority" cited by Plaintiff confirms that the Court does not have personal jurisdiction over Biegler. Plaintiff twists recent decisions regarding personal jurisdiction under the RICO statute to argue that the Court has personal jurisdiction over Biegler under § 1965(b). As Plaintiff points out, the Third Circuit in *Laurel Gardens* held "[a] civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 117 (3d Cir. 2020). On its face, *Laurel Gardens* stands for the simple proposition that a RICO action may *only* be maintained in a district court where one

---

[4] Even if the Court declines to dismiss Plaintiff's First Amended Complaint for improper service, Biegler's Motion to Dismiss should be granted on the grounds that the Court lacks personal jurisdiction over Biegler.

defendant had minimum contacts with the jurisdiction. *Id.* It does not – as Plaintiff suggests – stand for the proposition that once jurisdiction is established over one defendant, the court automatically is able to exercise personal jurisdiction over any other foreign defendants, regardless of their contacts with the forum. This would offend basic fairness principles underlying the personal jurisdiction analysis. Indeed, as the Western District of Pennsylvania recognized in a decision cited by Plaintiff, "RICO cannot serve as a mechanism to confer personal jurisdiction through § 1965(b) or by and through itself." *LCV Cap. Mgmt., LLC v. Nuova Argo Finanziaria S.P.A.*, No. 2:18-cv-01645, 2021 U.S. Dist. LEXIS 34220, at *52 (W.D. Pa. Feb. 24, 2021) (citing *Laurel Gardens*, 948 F.3d at 120).

The other recent decisions that Plaintiff cites further establish that the Court does not have personal jurisdiction over Biegler under § 1965(b). Plaintiff correctly points out that the national-contacts test applies, which requires that defendants "have sufficient minimum contacts with the United States for this Court to exercise personal jurisdiction over them." *Fink on behalf of Nation Safe Drivers Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 473 F. Supp. 3d 366, 373 (D. Del. 2020). As Biegler already demonstrated, nowhere in the First Amended Complaint or its briefing does Plaintiff proffer any particular facts regarding Biegler's contacts with the United States as a whole. *See* ECF No. 64 at 7. And in *LCV Capital Management*, the court granted a motion to dismiss based on a lack of specific personal jurisdiction under the RICO statute, finding that while defendants' alleged interactions by phone and email connected defendants to plaintiff, the jurisdictional allegations failed to connect defendants to the forum in a meaningful way, and the alleged contacts did not suggest that either defendant expressly aimed their conduct at Pennsylvania. 2021 U.S. Dist. LEXIS 34220, at *52. Like in *LCV Capital Management*, Plaintiff has not alleged any meaningful connections between Biegler and the United States.

Finally, Plaintiff relies on *Kyko Global, Inc. v. Prithvi Info. Solutions. Ltd.*, No. 2:18-cv-01290-WSS, 2020 U.S. Dist. LEXIS 118043, *98-99 (W.D. Pa., July 6, 2020) as a purported supplemental authority, even though the question of personal jurisdiction was decided in March of 2020 – *before* briefing on jurisdiction concluded in this matter. Nonetheless, *Kyko* is also distinguishable. In *Kyko*, the court determined that personal jurisdiction existed based on detailed factual findings regarding each defendant's contacts with the forum. *Id.* But here, Plaintiff has not even alleged that Biegler had contacts within the United States.

Accordingly, the Court does not have personal jurisdiction over Biegler. Plaintiff has the burden of proving personal jurisdiction, and has failed to carry that burden. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) ("When a defendant raises that defense [of lack of personal jurisdiction], the burden shifts to a plaintiff to establish personal jurisdiction.").

> **B.  The Recent Supreme Court Decision in Ford Motor Company *Confirms that the Court Does Not Have Personal Jurisdiction Over Biegler.***

Plaintiff argues that the Supreme Court's recent decision in *Ford Motor Company* and the District of New Jersey's subsequent decision in *Rickman* confer jurisdiction over Biegler. But both decisions are distinguishable because they involved out-of-state defendants that operated in the forum, either directly or through a subsidiary.

*Ford Motor Company* reinforces that the Court lacks personal jurisdiction over Biegler. In *Ford Motor Company*, the Supreme Court held that the district court had jurisdiction over Ford in Montana and Minnesota, even though Ford did not produce vehicles in Montana or Minnesota. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,* 141 S. Ct. 1017, 1028-29 (2021). The Court's decision was based on the fact that Ford sold cars in Montana and Minnesota through company dealerships and marketed its vehicles to those states' residents. *Id.* But here, Biegler did

not distribute its products or otherwise avail itself in the United States. As previously discussed, Biegler does not have any operations in the United States and does not conduct business within the United States. *See, generally,* Declaration of Ingeborg Biegler, ECF No. 52-1.

The District of New Jersey's decision in *Garner Rickman et a. v. BMW of North Am. LLC et al.*, which was decided after *Ford Motor Company*, also reinforces that the Court lacks jurisdiction over Biegler. 2021 U.S. Dist. LEXIS 90403, at *13. In *Rickman*, the court considered whether it had personal jurisdiction over a foreign car manufacturer that operated a subsidiary corporation in the United States to distribute its vehicles. *Id.* at *11 ("[The domestic subsidiary] is headquartered in New Jersey and, from there, directs distribution and marketing for [the foreign parent company's] manufactured products throughout the United States."); *id.* at *13 ("New Jersey-based [the domestic subsidiary] serves as [the foreign parent company's] gateway to the United States."). Critical to the court's holding was that the foreign parent company purposefully availed itself in the United States by acting through a subsidiary to sell automobiles. *Id.* Here, Biegler does not have a subsidiary or related company that distributes its products or otherwise operates in the United States. *See* Declaration of Ingeborg Biegler, ECF No. 52-1.

In sum, *Ford Motor Company* and *Rickman* do not alter the inevitable conclusion that the Court lacks jurisdiction over Biegler.

        **C.**     ***Plaintiff Has Not Sufficiently Alleged Conspiracy Jurisdiction.***

Plaintiff lastly argues that it has sufficiently alleged personal jurisdiction under the new and underdeveloped theory of conspiracy jurisdiction. ECF No. 68 at 8 (citing *Kyko*, 2020 U.S. Dist. LEXIS 118043). But as previously briefed, Plaintiff's arguments regarding conspiracy jurisdiction are meritless because Plaintiff has failed to allege what the conspiracy consisted of or how Biegler was involved. *See* ECF No. 64 at 8. Accordingly, the Court should reject Plaintiff's

conspiracy jurisdiction theory because "bare assertions of conspiracy connection are insufficient to justify the exercise of personal jurisdiction." *Commonwealth ex rel. Pappert v. TAP Pharma. Products, Inc.*, 868 A.2d 624, 632 (Pa. Commw. Ct. 2005); *Murray v. Nat'l Football League*, No. CIV. A. 94-5971, 1996 U.S. Dist. LEXIS 9108, at *16 (E.D. Pa. Jun. 10, 1996) (holding that allegations that a defendant "[m]erely belong[s] to a civil conspiracy does not make a member subject to the jurisdiction of every other member's forum.").

### IV. Biegler Is Not Precluded from Asserting a Motion to Dismiss Under Rule 12(b)(6).

For the foregoing reasons, the Court should dismiss the claims against Biegler in Plaintiff's First Amended Complaint because the Court lacks personal jurisdiction over Biegler. In any event, Biegler notes that it is not precluded from filing a motion to dismiss under Rule 12(b)(6). Plaintiff argues that the "consolidation rule" in Rule 12 prohibits a defendant from filing a motion to dismiss under Rule 12(b)(6) if it previously filed a motion to dismiss under Rule 12. This argument belies the plain language of Rule 12.

Rule 12(g) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Rule 12(h)(2) states that a motion to dismiss for "failure to state a claim upon which relief can be granted . . . or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." FED. R. CIV. P. 12(h)(2). Thus, Biegler can assert a motion to dismiss under Rule 12(b)(6) in its answer or any other pleading allowed under Rule 7(a), in the form of a motion for judgment on the pleadings under Rule 12(c), or at trial.

                                           Respectfully submitted,

Dated:  July 6, 2021          /s/ *Carolyn B. McGee*
                                           Carolyn B. McGee
                                           Pa. I.D. No. 208815
                                           Porter Wright Morris & Arthur LLP
                                           6 PPG Place, Third Floor
                                           Pittsburgh, PA 15222
                                           Tel:  (412) 235-4500
                                           Fax:  (412) 235-4510
                                           cmcgee@porterwright.com

                                           Theodore R. Walters
                                           Florida Bar No. 0985813
                                           Anthony R. McClure
                                           Fla. Bar No. 102753
                                           Porter, Wright, Morris & Arthur, LLP
                                           9132 Strada Place, Third Floor
                                           Naples, Florida 34108-2683
                                           Tel:  239-593-2900
                                           Fax: 239-593-2990
                                           twalters@porterwright.com
                                           amclure@porterwright.com

                                           *Counsel for Defendant, Biegler GmbH*

## CERTIFICATE OF SERVICE

I, Carolyn B. McGee, hereby certify that on July 6, 2021, I caused a true and correct copy of the foregoing to be filed via the Court's ECF system, which constitutes service upon all counsel of record via the Court's ECF system.

*/s/ Carolyn B. McGee*
Carolyn B. McGee
*Counsel for Biegler GmbH*
