UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

ACO-153

No. 23-1360

NEUROSURGICAL CARE, LLC,
         Appellant

v.

BIEGLER GMBH; SOLACE ADVANCEMENT, LLC; JAMES W. CARPENTER; and DOC SOLUTIONS LLC

DOC SOLUTIONS LLC and MARK KAISER

v.

DR. TIMOTHY WARREN

(E.D. Pa. No. 2-19-cv-05751)

Present: HARDIMAN, MONTGOMERY-REEVES, AMBRO, Circuit Judges

1. Clerk Listing for Possible Dismissal due to Jurisdictional Defect

2. Response filed by Appellees James W. Carpenter and Solace Advancement LLC

3. Response filed by Appellee Biegler GMBH

4. Response filed by Appellant Neurosurgical Care LLC

5. Letter filed pursuant to Rule 28(j) from counsel for Appellee Biegler GMBH

              Respectfully,
              Clerk/lmr

_____ORDER_____

The plaintiff seeks review of interlocutory decisions regarding service on one of the defendants. He appealed after voluntarily dismissing his claims against that defendant with prejudice.

We **DISMISS** this appeal because it appears other defendants' third-party complaint was never expressly adjudicated. See Knox v. United States Lines Co., 294 F.2d 354, 360 (3d Cir. 1961) ("[T]he pendency of the third-party claim prevents judgment on the principal claim from being final. [. . .] It follows that we lack jurisdiction to entertain this appeal."); see also Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981). Although the third-party defendant's default was entered, that is not enough. See, e.g., United States v. Hansen, 795 F.2d 35, 37 (7th Cir. 1986) (no finality due to defaulted counterclaims); Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir. 1985); Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981); 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 55.10 & .13.

We take no position on the extent to which the plaintiff can appeal once all claims are adjudicated or on the effect of the voluntary dismissal.

By the Court,

s/Thomas L. Ambro
Circuit Judge

Dated: August 29, 2024
Tmm/cc: All Counsel of Record

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate

2